No. 91-446

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

MOUNTAIN WATER COMPANY,
a Montana corporation,

Plaintiff and Respondent,

-vs-

MONTANA DEPARTMENT OF PUBLIC SERVICE
REGULATION, MONTANA PUBLIC SERVICE
COMMISSION, and MONTANA CONSUMER COUNSEL,

Defendants and Appellants.



FILED

JUL 21 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark,
                The Honorable Thomas C. Honzel, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Robin A. McHugh, Special Assistant Attorney General,
                Public Service Commission, Helena, Montana
                Mary Wright, Staff Attorney, Special Assistant
                Attorney General, Montana Consumer Counsel, Helena,
                Montana

        For Respondent:

                John Alke, Hughes, Kellner, Sullivan, and Alke,
                Helena, Montana

                                        Submitted on Briefs:  May 7, 1992

                                        Decided:  July 21, 1992

Filed:

─────────────────
                          Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Montana Department of Public Service Regulation, Montana Public Service Commission, and Montana Consumer Counsel appeal from an order of the First Judicial District, Lewis and Clark County, in favor of Mountain Water Company. We reverse.

We frame the following issue for appeal:

Whether the Public Service Commission's refusal to authorize recovery through prospective rate setting of past period § 69-4-511, MCA, expenses did not justly compensate Mountain Water Company, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and of Article II, Section 29 of the Montana Constitution?

In 1987, the Montana Legislature passed, and the Governor signed into law, Senate Bill No. 28. The law became effective on October 1, 1987, and was codified under § 69-4-511, MCA. The bill mandated that the private water service provider be responsible for the cost of maintaining water service pipelines from the main to the owner's property line. Under the statute, the property owner is responsible for the cost of the pipe and other supplies used in the service line. Prior to 1987, the property owner bore the entire cost of the pipe and of maintaining the line.

On October 1, 1987, the day the law went into effect, Mountain Water Company (MWC) filed a complaint against the Montana Public Service Commission (PSC) in United States District Court, seeking to have § 69-4-511, MCA, declared unconstitutional. The United

2

States District Court held that § 69-4-511, MCA, was not unconstitutional. Specifically, it held § 69-4-511, MCA, did not constitute a prohibited taking.

On appeal, the Ninth Circuit held that the statute did not violate the Fifth Amendment and that any taking of MWC's private property by the statute is for a public use. Further, the court stated that MWC may seek just compensation for its property taken through rate setting before the PSC. Mountain Water v. Montana Dept. of Public Serv. Reg. (9th Cir. 1990), 919 F.2d 593, 601.

On June 29, 1989, MWC filed an application with the PSC to increase its rates, in part to recover previous expenditures it had been compelled to provide for its customers under § 69-4-511, MCA. MWC proposed to capitalize § 69-4-511, MCA, expenses incurred between January 1, 1988 and June 30, 1989. Recovery was sought through a two-year amortization. The PSC denied MWC recovery for the previous expenditures. However, with respect to ongoing § 69-4-511, MCA, expenses, the PSC authorized recovery through rates of annual § 69-4-511, MCA, expenses. MWC appealed the PSC's order. The District Court held that the PSC's refusal to allow recovery of back expenses incurred during 1988 and 1989 failed to justly compensate MWC for the taking. This appeal followed.

The issue before us is a question of law. In reviewing conclusions of law, our standard of review will be merely to determine if the District Court's interpretation of the law is

correct. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474, 803 P.2d 601, 603.

I

The Ninth Circuit held that § 69-4-511, MCA, expenses were a taking for public use requiring just compensation, which could be sought through rate-making. We must determine whether PSC's denial of recovery for previous expenditures denied MWC just compensation.

The PSC is an administrative agency charged, through powers granted by the Montana Legislature, with regulating public utilities pursuant to the provisions of §§ 69-3-101, MCA et seq. The rates set by the PSC through its rate-making policies must be at a level that allows a just compensation for any regulations imposed which impair the property interests of the utility company. West Ohio Gas Co. v. Public Utilities Commission of Ohio (1935), 294 U.S. 63, 55 S.Ct. 316, 79 L.Ed. 761. MWC argues that the PSC is bound by judicial estoppel. The PSC admitted during the course of the federal litigation that § 69-4-511, MCA, was a taking and that MWC would be compensated through rate-making.

However, in making that admission the PSC did not waive application of the policies involved in rate-making. In Montana, public utility rates are set to match utility costs during the period that rates are in effect. The utility, the Montana Consumer Counsel, the PSC, or other persons with standing may seek a rate change when the financial information indicates a mismatch. See § 69-3-301, MCA et seq. MWC was aware that the Montana Legislature

4

passed § 69-4-511, MCA. Prior to the law taking effect on October 1, 1987, MWC could have applied to the PSC to cover the utility costs for 1988 and 1989 under § 69-4-511, MCA.

The PSC argues that its refusal to authorize recovery in rates of prior period expenses is in line with public utility law and utility regulation in Montana. Rate-making is a legislative activity and is therefore prospective only in its effect. State ex rel. Billings v. Billings Gas Co. (1918), 55 Mont. 102, 110, 173 P. 799, 801; Billings Utility Co. v. Public Service Commission (1921), 62 Mont. 21, 33, 203 P. 366, ___. Historically, utility companies do not receive retroactive rate increases.

MWC cites City of Helena v. Montana Dept. of PSR (1981), 194 Mont. 173, 182-183, 634 P.2d 192, 198, as support for its position. We stated "It is clearly the law that utilities may not set their rates so as to amortize past deficits." Galveston Elec. Co. v. Galveston (1922), 258 U.S. 388, 395, 42 S.Ct. 351, 354, 66 L.Ed. 678, 683, was cited as the foundation for the rule. The city of Helena had sought to distinguish Galveston and its progeny because the cases involved private utilities, not municipal utilities. We held that the PSC was not required to treat the two differently in considering past losses suffered even though in dicta we said a municipality's improvements can be funded differently. This rule against retroactive rate-making clearly applies to MWC, a private company.

5

The District Court agreed that "utilities may not set their rates so as to amortize past deficits" but held that a prohibition against allowing recovery of unanticipated expenses was not absolute. Montana Consumer Counsel v. PSC and MPC (1975), 168 Mont. 180, 541 P.2d 770. In Montana Consumer Counsel we upheld the PSC's decision authorizing Montana Power Company to increase its charges for natural gas services due to an increase in the cost of natural gas. However, the rate order in question encompassed present and prospective rate changes. Montana Consumer Counsel at 188, 541 P.2d at 774. The rate charges were not retroactive.

For the reasons set forth above, we conclude that the District Court erred in concluding MWC was not justly compensated by PSC's denial to retroactively allow recovery of § 69-4-511, MCA expenses.

We reverse.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

6